IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIES NICHOLSON,

        Plaintiff,                    No. CIV S-07-364 KJM

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated April 14, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff's insured status expired on December 31, 2004; plaintiff has a severe impairment of degenerative disc disease of the lumbar spine with facet arthropathy but this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity for a significant range of sedentary work; plaintiff can perform her past relevant work as a secretary and bookkeeper; and plaintiff is not disabled. Administrative Transcript ("AT") 35. Plaintiff

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

contends the ALJ improperly rejected the opinion of a treating physician and failed to appropriately develop the record.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

  A. Treating Physician's Opinion

Plaintiff contends the ALJ improperly rejected the opinion of her treating physician, Dr. McMullin. The weight given to medical opinions depends in part on whether they

3

are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Dr. McMullin completed a physical residual functional capacity questionnaire dated March 24, 2005, in which he opined plaintiff had significant functional limitations that would limit plaintiff to less than a sedentary residual functional capacity. AT 280-283. Dr. McMullin opined to similar limitations in a form dated October 5, 2005. AT 284-291. The ALJ accorded no weight to Dr. McMullin's opinion. AT 33-34. Plaintiff contends the ALJ should have accorded controlling weight to this opinion and that the reasons set forth for rejecting Dr. McMullin's opinion are insufficient. Dr. McMullin, however, expressly stated that the earliest

4

date the limitations assessed in the March 24, 2005 questionnaire applied was January 7, 2005. AT 283.  Plaintiff's insured status expired on December 31, 2004.  AT 24-25.  Thus the limitations assessed are irrelevant to the time period at issue.[2]  Moreover, the court finds no error in the ALJ's analysis of Dr. McMullin's opinions.  The ALJ correctly noted that although Dr. McMullin was plaintiff's treating physician, he saw her only four times since 2001 and Dr. McMullin's records did not support the degree of limitation he assessed.  AT 33, 222 (Dr. McMullin unable to fill out medical source statement in September 2004 due to lack of contact with patient), 226-238 (minimal objective findings).  The ALJ also properly rejected Dr. McMullin's opinion as based on plaintiff's subjective reporting of her symptoms, which were discredited by the ALJ, a finding not challenged by plaintiff.  AT 33, 355-356.  There was no error in the ALJ's rejection of Dr. McMullin's opinion.

　　　　B.  Development of the Record

　　　　　　Plaintiff also contends the ALJ failed to appropriately develop the record with respect to plaintiff's obesity and alleged knee impairment.  Disability hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented).  Evidence raising an issue requiring the ALJ to investigate further depends on the case.  Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate

/////

---

[2] Plaintiff also relies on an undated progress note.  AT 228.  The ALJ correctly noted that although Dr. McMullin claimed he would support disability, at the same time the doctor noted plaintiff was doing well with relatively little medication.  AT 31, 33-34.  The inconsistency of this statement was a sufficient reason for the ALJ's rejection of it.  Moreover, there is no indication as to which time period the doctor was referring and no functional limitations are assessed in this progress note.

1 | inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d
2 | at 1288).
3 |     Although plaintiff is overweight, there is no indication in the record that her
4 | obesity contributes to any functional limitations. The examining consulting physician, Dr. Pliam,
5 | noted plaintiff's weight and height and attributed no functional limitations to obesity, noting
6 | plaintiff rose from a chair without difficulty and had a normal gait. AT 205-210. The treating
7 | physician's records note no problems due to obesity. AT 226-238. With respect to plaintiff's
8 | alleged knee impairment, the ALJ examined plaintiff on the issue during the hearing and plaintiff
9 | gave minimal testimony with respect to this impairment. AT 353. Moreover, plaintiff herself
10 | only claimed the knee impairment was disabling starting in May 2004 and the treating physician
11 | first reported a knee problem in August 2004. AT 102, 226. In light of plaintiff's last insured
12 | date of December 31, 2004, the knee impairment would not fulfill the one year durational
13 | requirement. See 20 C.F.R. § 404.1509 (to be found disabled, plaintiff must demonstrate
14 | physical impairments of twelve months duration). In addition, the ALJ specifically asked
15 | plaintiff and her counsel if there were other impairments not discussed at the hearing and whether
16 | all medical records relevant to the decision had been provided; they responded that the record
17 | was complete. AT 33, 357-359. Under the circumstances presented here, there was no duty to
18 | further develop the record with respect to plaintiff's obesity or knee impairment. See Burch v.
19 | Barnhart, 400 F.3d 676 (9th Cir. 2005).
20 |     The ALJ's decision is fully supported by substantial evidence in the record and
21 | based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:
22 |     1. Plaintiff's motion for summary judgment or remand is denied, and
23 |     2. The Commissioner's cross-motion for summary judgment is granted.
24 | DATED: March 26, 2008.
25 |
26 | 006 nicholson.ss

U.S. MAGISTRATE JUDGE

6